**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

KEYSE G. JAMA,

Civil No. 01-1172 (JRT/AJB)

Petitioner,

v.

**ORDER**

IMMIGRATION AND
NATURALIZATION SERVICES,

Respondent.

This habeas corpus proceeding is presently before the Court pursuant to a letter from Petitioner's counsel dated October 1, 2001. (Docket No. 16.) In that letter, Petitioner contends that Respondent has violated the Local Rules of the Minnesota District Court, by submitting briefs in this case, which, in the aggregate, exceed the 35-page limit prescribed by Local Rule ("LR") 7.1(c). (Respondent's initial response to Petitioner's habeas corpus petition is 31 pages long, and Respondent's more recent "Reply" brief is 19 pages long, for a total of 50 pages.) Petitioner requests that the Court "either strike the government's reply brief because of the violation of the rule or provide the government with a very short time period in which to comply with the rule."

Although the scope of LR 7.1(c) is not wholly unambiguous, it does not appear to be applicable to the situation presented here. LR 7.1 is entitled "Civil Motion Practice," and it appears to be applicable only to motions brought in civil cases. Because a habeas corpus petition is the initial pleading in a habeas corpus action, it is actually more akin to a

FILED OCT 10 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ________
DEPUTY CLERK ________

complaint than a motion. It is therefore not clear that the respondent's return in a habeas case should be viewed as a memorandum in opposition to a civil motion. If a habeas return is not a memorandum in opposition to a motion, then it presumably should not be subject to the 35-page limit prescribed by LR 7.1(c).

Even if LR 7.1(c)'s 35-page limit is intended to apply to the government's return in a habeas corpus case, Respondent cannot be faulted for failing to recognize that. Again, it is simply not self-evident that the rule applies to habeas returns.[1] Thus, the Court will not enter any order directed against Respondent for its alleged violation of LR 7.1(c).

Finally, the Court finds that the issues presented in this case have now been amply briefed. Therefore, no further briefs or memoranda shall be submitted by either party, without advance approval by the Court.[2]

Based on the foregoing, and all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED THAT** Petitioner's request that the Court either strike the government's reply brief because of an alleged violation of Local Rule 7.1(c) or

---

[1] LR 7.1(c) probably does apply to collateral motions filed during the course of a habeas proceeding – e.g., a motion for appointment of counsel, a motion requesting an evidentiary hearing, a motion to supplement the record, etc. (See LR 7.1(b)(1).) However, the memoranda at issue here pertain directly to the habeas petition itself, not to a collateral motion.

[2] Petitioner claims that if he had known Respondent intended to exceed LR 7.1(c)'s 35-page limit, he would have "requested additional pages in order to achieve a fair balance." The Court notes, however, that Petitioner did not even use the full 35 pages of briefing that he apparently thought he was allowed under LR 7.1(c). His "Memorandum In Support Of Habeas Corpus Petition And Reply To Respondent's Memorandum," (Docket No. 11), is only 30 pages long. Furthermore, Petitioner has not identified any specific factual or legal argument that could have been strengthened by some further explication. Thus, the Court finds no need for any additional briefing from Petitioner in order to "achieve a fair balance."

provide the government with a very short time period in which to comply with the rule is DENIED.

**IT IS FURTHER ORDERED THAT** no further briefs or memoranda shall be submitted in this matter by either side without advance approval by the Court.

Dated: October 10th, 2001

Arthur J. Boylan
United States Magistrate Judge