UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

KEYSE G. JAMA,

Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent.

Civil File No. 01-1172 (JRT/AJB)

**ORDER**

---

This matter is presently before the Court on Petitioner's motion seeking leave to file an amended petition for habeas corpus relief under 28 U.S.C. § 2241. For the reasons discussed below, Petitioner's motion will be GRANTED.

## I. BACKGROUND

Petitioner is an alien from Somalia. In August 2000, an Immigration Judge ordered that Petitioner be removed from the United States to Somalia because of various crimes that he committed in this country. He is currently being held by Respondent, the United States Immigration and Naturalization Service, ("INS"), pending the execution of his removal order.

Petitioner commenced the present action on June 28, 2001, by filing a habeas corpus petition in which he claimed that Respondent could not legally remove him to Somalia at this time, because Somalia has no government that is capable of formally accepting his return. This Court agreed with that argument and recommended that "Respondent should be ordered not to remove Petitioner from the United States until the government of the country to which he is to be removed has agreed to accept him."

FILED MAY 22 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

(Report and Recommendation, ["R&R"], dated February 1, 2002; [Docket No.18], p. 20.) The District Court Judge adopted that recommendation, granted Petitioner's application for a writ of habeas corpus, and ordered Respondent "not to remove Petitioner from the United States until the government of the country to which he is to be removed has agreed to accept him and upon further order of this Court." (Order dated March 31, 2002, [Docket No. 27], p. 15.)

On April 3, 2002, three days after the District Judge's ruling on the original habeas application, Petitioner filed the motion to amend that is now before the Court. Petitioner's motion was accompanied by a proposed Amended Petition, which shows that he now wants to be released from INS custody. Relying on the Supreme Court's decision in Zadvydas v. Davis, 533 U.S. 678 (2001), Petitioner now claims that he should be set free, because there is not a substantial likelihood that the INS will be able to execute his removal order in the reasonably foreseeable future. Respondent has opposed Petitioner's motion to amend on the grounds that it would be "inappropriate and highly prejudicial" to allow Petitioner to file an amended petition after his original petition has already been decided. ("Respondent's Opposition To Petitioner's Motion To Amend Petition For Writ Of Habeas Corpus," [Docket No. 31], p. 8.)

On May 20, 2002, Respondent filed a Notice of Appeal, (Docket No. 34), seeking appellate review of the District Judge's Order of March 31, 2002, which granted habeas relief to Petitioner. At a hearing on Petitioner's motion held on May 21, 2002, Respondent argued that its appeal has divested the District Court of jurisdiction over this entire matter, and that Petitioner's pending motion therefore cannot be granted.

## II. DISCUSSION

Assuming that the District Court Judge's order of March 31, 2002, is an appealable order, and that Respondent's pending appeal will be entertained by the Eighth Circuit Court of Appeals, it does not necessarily follow that Respondent's appeal has completely divested the District Court of jurisdiction in this matter. Controlling case law indicates that the filing of a notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Company, 459 U.S. 56, 58 (1982) (per curiam) (emphasis added); see also Board of Education of St. Louis v. State of Missouri, 936 F.2d 993, 995 (8th Cir. 1991) (same).

Although a request for leave to amend may normally be closely intertwined with "those aspects of the case involved in [an] appeal," that does not appear to be the case here. The claim that Petitioner seeks to raise in his amended habeas petition is not directly related to the claims presented in his original appeal.[1] The Zadvydas issue that Petitioner seeks to raise in his proposed amended petition is only tangentially related to the issue that Respondent apparently seeks to raise on appeal, (i.e., whether Petitioner can properly be removed to a country that has not agreed to accept him). Because the Zadvydas claim to

---

[1] Indeed, it probably would be best if Petitioner would simply commence an entirely new action by filing an entirely new petition. During the recent motion hearing, Petitioner's counsel agreed with this observation, but also expressed his concern that if Petitioner's Zadvydas claim were raised in an entirely new action, Respondent would attack the new action as a "successive petition" or an "abuse of the writ." Although the Court questions whether such an attack could succeed, Respondent's counsel undoubtedly fueled Petitioner's concerns during the course of the motion hearing, by repeatedly suggesting that any new petition certainly would be challenged with every available defense. Therefore, while starting an entirely new action might be the best course for Petitioner to follow, he cannot be faulted for wishing to avoid the legal arguments that Respondent has threatened to raise if a new action were commenced.

be raised in the amended petition is separate and distinct from the claims that have already been raised and decided in this case, the District Court should be able to entertain the amended petition, even though it is divested of jurisdiction over those aspects of the case that are involved in the appeal. Thus, the Court concludes that Respondent's appeal does not preclude the District Court from reaching Petitioner's motion to amend; nor does the appeal preclude the District Court from granting the motion to amend, and entertaining the proposed amended petition while the appeal goes forward.

The Federal Rules of Civil Procedure provide that leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). See also Foman v. Davis, 371 U.S. 178, 182 (1962) ("[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits"). While it may be somewhat unusual to grant leave to amend at such a late stage of litigation, the Court is satisfied that in this particular case the interests of justice would be best served by allowing Petitioner to file his amended petition.[2]

Respondent contends that Petitioner should have presented his Zadvydas claim in his original petition, but Respondent has not adequately demonstrated that the Zadvydas claim was ripe when the original petition was filed. Respondent also contends that it will be "prejudiced" if Petitioner is now permitted to bring a Zadvydas claim in an amended petition, but Respondent has not adequately explained why any prejudice would occur. On

---

[2] Respondent appears to argue that the Eighth Circuit's decision in Standard Title Insurance Co. v. Roberts, 349 F.2d 613, 620-22 (8th Cir. 1965), shows that it is flatly impermissible to grant leave to amend after entry of a dispositive order. The Court rejects that argument. If anything, the Standard Title Insurance Co. case seems to confirms that "the action to be taken" on a Fed. R. Civ. P. 15(a) motion to amend "is within the sound discretion of the trial court" regardless of when the motion is presented. Id. at 622.

the other hand, if Petitioner has a valid Zadvydas claim, that claim should be upheld sooner rather than later, so that he will not be kept in INS detention longer than the law allows. Therefore, while it might be preferable to have Petitioner bring his Zadvydas claim in an entirely new action, (see n. 1, supra), the Court concludes that Petitioner's motion to amend can be, and should be, granted.

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Petitioner's motion seeking leave to amend his habeas corpus petition, (Docket No. 28), is GRANTED;

2. The Clerk of Court shall file and docket Petitioner's proposed amended petition, which is annexed to the motion to amend as Exhibit A; and

3. Within thirty (30) days after the date of this order, Respondent shall file a written response to Petitioner's amended habeas corpus petition, showing cause why the relief requested in the amended petition should not be granted.

DATED: May 22nd, 2002

ARTHUR J. BOYLAN
United States Magistrate Judge