**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

KEYSE G. JAMA,

Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent.

Civil No. 01-1172 (JRT/AJB)

**ORDER AFFIRMING ORDER OF THE MAGISTRATE JUDGE**

---

Jeffrey J. Keyes and Kevin M. Magnuson, BRIGGS AND MORGAN, 2400 IDS Center, 80 South Eighth Street, Minneapolis, MN, 55402, for petitioner.

Lonnie F. Bryan, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415; Christine A. Bither and Greg D. Mack, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Civil Division, 1331 Pennsylvania Avenue, NW, Room 700S, Washington D.C., 20530, for respondent.

This matter is before the Court on respondent's appeal of the May 22, 2002 order of United States Magistrate Judge Arthur J. Boylan granting petitioner's motion for leave to file an amended petition for habeas relief under 28 U.S.C. § 2241. Specifically, petitioner now seeks release from custody on the basis that there is not a substantial likelihood that the INS will be able to execute his removal order in the reasonably

FILED [illegible]
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. ________
DEPUTY CLERK ________

foreseeable future. For the reasons that follow, the Court affirms the order of the Magistrate Judge.

On March 31, 2002, this Court issued a memorandum opinion and order adopting the Magistrate Judge's report and recommendation and granting petitioner's habeas petition under 28 U.S.C. § 2241. *Jama v. INS*, No. 91-1172, 2002 WL 507046 (D. Minn. Mar. 31, 2002). The Court first held that 8 U.S.C. §1252(g) did not bar petitioner's habeas claim because it raised a pure question of law—whether it was legal for the INS to remove petitioner to Somalia or another country without first obtaining some type of acceptance from a governmental authority. *Id.* at **2-4 (relying on *INS v. St. Cyr*, 121 S. Ct. 2271 (2001)). As to that question of law, the Court held that 8 U.S.C. §1231(b)(2) requires acceptance by a receiving country before petitioner may be removed. *Id.* at *6. The Court therefore ordered respondent "not to remove Petitioner from the United States until the government of the country to which he is to be removed has agreed to accept him and upon further order of the Court." *Id.* at *7.

Three days later, petitioner moved to amend his habeas petition, asserting that, in light of the Court's order, the government cannot continue to detain petitioner under the standards for mandatory release set forth by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001). Respondent opposed the motion on the basis that petitioner's attempt to amend his petition was inappropriate unless it was accompanied by a post-judgment motion to alter or amend judgment, that respondent would be prejudiced by an amendment at this late date, and that respondent's filing of a notice of appeal filed with the Eighth Circuit divested the Court of jurisdiction to consider petitioner's motion.

After a hearing on May 21, 2002, the Magistrate Judge granted the motion to amend. The Magistrate Judge first concluded that petitioner's *Zadvydas* claim is "only tangentially related" to the issue to be presented on appeal and therefore the district court was not precluded from entertaining petitioner's motion to amend. The Magistrate Judge also concluded that, although the circumstances of the case were somewhat unusual, the interests of justice would be best served by allowing petitioner to file his amended petition.

"The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential." *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). The district court will reverse an order of a Magistrate Judge only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.1(b)(2).

Upon consideration of the arguments raised on appeal, the Court affirms the order granting the motion to amend. First, the Magistrate Judge did not clearly err in concluding that the issue presented in the amended petition is sufficiently distinct from the issues presented in the appealed order to allow the amended petition to at least proceed in the district court pending appeal. Indeed, in the Court's view, allowing petitioner to amend, as opposed to filing an entirely new petition, conserves judicial resources by permitting all issues related to the same set of operative facts to be resolved in one proceeding. Furthermore, in granting the motion to amend, the Magistrate Judge recognized the unusual circumstances in granting petitioner's motion at this stage of the litigation. However, upon balancing the respective interests of the parties, the Magistrate

Judge concluded that it was in the interests of justice to allow the amendment. The decision to grant a Rule 15(a) motion to amend is within the wide discretion of the trial court. *Clemmons v. Delo*, 177 F.3d 680, 688 (8th Cir. 1999); *Standard Tile Ins. Co. v. Roberts*, 349 F.2d 613, 622 (8th Cir. 1965). The Court cannot conclude that this determination was clearly erroneous or contrary to law.

For all the foregoing reasons, the Court is not left "with the definite and firm conviction that a mistake has been committed." *Chakeles v. Commissioner of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996). Accordingly, the Court affirms the order of the Magistrate Judge granting petitioner's motion to amend the petition. However, the Court will grant respondent's alternative request for 30 days from the date of this order in which to respond to the amended petition.

**ORDER**

Based upon the foregoing, the submissions of the parties, and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Order of the Magistrate Judge Granting Petitioner's Motion to File an Amended Habeas Petition [Docket No. 36] is **AFFIRMED.**

2. Respondent shall file a response to petitioner's amended habeas corpus petition within **thirty (30) days** after the date of this Order.

DATED: Aug. 1, 2002
at Minneapolis, Minnesota.

John R. Tunheim
JOHN R. TUNHEIM
United States District Judge