**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

JAMA, Keyse G. (A71 689 585)

Petitioner,

vs.

IMMIGRATION AND NATURALIZATION SERVICE,

Respondents.

**MEMORANDUM IN SUPPORT OF PETITIONER'S EMERGENCY MOTION TO COMPEL REMOVAL OR RELEASE**

**Civil No. 01-1172 (JRT/AJB)**

Petitioner respectfully moves the Court to order the Bureau of Immigration and Customs Enforcement ("ICE") to release Petitioner Keyse G. Jama pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001) because removal to Somalia is not reasonably foreseeable. This motion is extremely time sensitive in that Jama has been held in administrative detention for over four years and any additional detention continues to cause him grave and irreparable harm. In addition, recent developments indicate that ICE's effort to remove Jama to Somalia may be unlawful.

In *Zadvydas*, the Supreme Court held that the government could not detain removable aliens indefinitely. *Id*. at 682. Rather, the Court determined that removable aliens could be held only for a "reasonable" time. The Court noted that six months is presumptively reasonable. *Id*. After the expiration of six months, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*. at 701. *Zadvydas* held that if the

Government cannot rebut the showing that there is no significant likelihood of removal in the reasonably foreseeable future, release may be appropriate. *Id*.

As this Court held in it previous release orders, the six-month presumptive removal period has long since passed. Jama again became immediately removable upon the decision of the United States Supreme Court on January 12, 2005, which held that 8 U.S.C. 1231(b)(2) authorizes the removal of Mr. Jama to Somalia despite the lack of acceptance from a central government in Somalia. On February 2, 2005, Department of Justice Attorney Greg Mack telephoned the undersigned counsel and stated that his client, ICE, had informed him that although ICE believed that Jama would be able to travel through transit countries in the company of ICE agents with a Form I-269 (Certificate of Identity), ICE would not be able to fly him into Somalia without a passport. (See Affidavit of Kevin M. Magnuson ("Magnuson Aff.") at ¶ 5.) He stated that his contacts at ICE told him that the "solution" to this problem was for me to "get a passport that was acceptable to Daallo Airlines." I responded, "You want me to get a false passport?" Mr. Mack replied, "The passport does not need to be valid for purposes of the State Department. It just needs to be able to get Jama on the Daallo Airlines airplane in Nairobi." Mr. Mack stated that if we wanted to get Mr. Jama removed expeditiously, and thus out of jail, we need to get such a passport for Mr. Jama. (*Id*.)

It is clear from this request that ICE cannot remove Jama to Somalia anytime in the near future. As the Magnuson Affidavit submitted with this memorandum lays out in detail, the instruction to obtain a passport "acceptable to Daallo Airlines" but not to the State Department is a startlingly clear admission that ICE cannot pursue its plan to remove Jama to Somalia expeditiously. This development raises serious concerns about the legality of any removal ICE

may attempt. In light of ICE's inability remove Mr. Jama in the near term, the appropriate course of action is for ICE to release him under any reasonable conditions of supervision.

Thus, Jama respectfully requests that this Court order that Jama be released immediately under such conditions until such time as ICE can demonstrate that removal to Somalia is imminent.

DATED: March 4, 2005.

BRIGGS AND MORGAN, P.A.

By: s/ Kevin M. Magnuson
Jeffrey J. Keyes (#55505)
Kevin M. Magnuson (#306599)
2400 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 334-8400

**AND**

Michelle Garnett McKenzie
Minnesota Advocates for Human Rights
650 Third Avenue South #550
Minneapolis, MN 55402
(612) 341-3302

**ATTORNEYS FOR PETITIONER**