**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

KEYSE G. JAMA,

Petitioner,

v.

IMMIGRATION AND CUSTOMS ENFORCEMENT,

Respondent.

Civil No. 01-1172 (JRT/AJB)

**ORDER**

---

Jeffrey J. Keyes and Kevin M. Magnuson, **BRIGGS AND MORGAN**, 2200 IDS Center, 80 South Eighth Street, Minneapolis, MN, 55402, for petitioner.

Greg D. Mack, Office of Immigration Litigation, **UNITED STATES DEPARTMENT OF JUSTICE**, Civil Division, 1331 Pennsylvania Avenue, NW, Room 700S, Washington, D.C., 20530; Lonnie F. Bryan, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for respondent.

In an Order dated April 7, 2005, the Court determined that, the 90-day statutory period and six-month *Zadvydas* period having long since passed, Mr. Jama must be deported in the "reasonably foreseeable future" or released under appropriate supervisory conditions. The Court further determined that, absent detailed and specific information from the government regarding deportation plans for Mr. Jama, the reasonably foreseeable future was appropriately defined as the 90-day period following the Supreme Court's opinion, i.e., by April 12, 2005. In order to ensure that Mr. Jama's detention

does not fall into unconstitutional territory, the Court required the government to provide the Court a written progress report of its plans for Jama's deportation on Tuesday April 12, 2005. In response the government submitted an affidavit to the Court stating, in its totality, that "[t]he arrangements to remove Jama are on the verge of completion and his removal is imminent. ICE anticipates that, barring any unforeseen circumstances, Jama will be removed from the United States no later than April 25, 2005." (Hoechst Decl. at ¶5.) This woefully inadequate and deficient response, under any definition of the terms, amounts to nothing more than vague conclusory statements, which by themselves provide insufficient basis to further extend Mr. Jama's detention.

As noted in the Court's April 7th Order, arranging deportation to Somalia is difficult and complicated, and the government has attempted unsuccessfully on several occasions to fashion a deportation plan. In fact, the arrangements are sufficiently complicated that the government has demonstrated a willingness to employ questionable and possibly illegal means, such as procuring apparently invalid Somali passports, to accomplish this deportation. In light of the above, and the government's lack of candor with the Court, as demonstrated by the plainly unsatisfactory and incomplete response to the Court's last Order, the Court has a particular duty to ensure that the government's chosen method of effecting Mr. Jama's deportation is legal and humane. The government is therefore ordered to submit to the Court a detailed account of the plans for Mr. Jama's removal to Somalia. This account is to include the parties to be involved in each step of the removal, where he will be removed to and under what conditions he will

be received, and when this will be accomplished. This report must be submitted by Thursday April 14, 2005 at 3:00 p.m. CDT.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that Respondent submit to the Court a detailed report in accord with the above memorandum by Thursday April 14, 2005 at no later than 3:00 p.m. CDT.

DATED: April 13, 2005
at Minneapolis, Minnesota.

s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge