**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

JAMA, Keyse G. (A71 689 585)

Petitioner,

vs.

IMMIGRATION AND
CUSTOMS ENFORCEMENT,

Respondents.

**PETITIONER'S REPLY TO RESPONDENTS' REPORT CONCERNING PETITIONER'S PLACEMENT IN A SPECIAL HOUSING UNIT AND EXPECTATION REGARDING PETITIONER'S REMOVAL**

**Civil No. 01-1172 (JRT/AJB)**

---

The Government's report concerning its "expectation regarding Petitioner's removal" establishes that Petitioner's motion for release from on-going detention should be granted for all of the reasons set forth in this Court's Memorandum, Opinion, and Order of April 7, 2005.

> Jama has been a model prisoner for a significant period of time and there is no reason to believe that he is likely to flee. Forty-seven months in prison level custody is far too long, especially considering the important factors enumerated by the Supreme Court in *Zadvydas*. Mr. Jama is not a dangerous man, nor is he likely at this stage to flee the jurisdiction. He has accepted the fact that the Supreme Court has ruled against him and that he will be deported to the Somali territory. Under these unique circumstances, if the government is not ready to effectuate the deportation, Mr. Jama should be released like all other deportable Somalis until a safe and proper removal can be accomplished. (Dist. Ct. Order at 10)

As this Court also noted in its April 7, 2005 Memorandum, the government is not entitled to continued imprisonment of Jama as long as good faith efforts to effectuate deportation continue. (Id. at p. 7.) This Court permitted the government to continue Jama's detention for the sole purpose of effectuating the imminent deportation process which the government sought to

accomplish through the private security firm to Bosasso. That deportation failed. Jama was returned to the U.S. and again placed in custody. As this Court noted on April 7, the fact that the Government now claims to be making "good faith efforts" at removal does not justify continued detention. (Id. at p. 7.) Continued detention of Jama under these circumstances (four years of imprisonment in "civil" detention) would constitute a violation of Jama's constitutional liberty interests, as articulated by the United States Supreme Court in *Zadvydas*, and a concomitant human rights violation. As a practical matter, Jama's release from detention will not in any way impair the Government's efforts "within the next six weeks" to effectuate a proper removal, if that can be accomplished. Jama has always conceded that release from continued detention may be subject to reasonable and appropriate conditions which would be sufficient to satisfy any legitimate interest of the Government.

DATED: Tuesday, April 26, 2005. BRIGGS AND MORGAN, P.A.

By: /s/
Jeffrey J. Keyes (#55505)
Kevin M. Magnuson (#306599)
2200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 334-8400

**AND**

Michelle Garnett McKenzie
Minnesota Advocates for Human Rights
650 Third Avenue South #550
Minneapolis, MN 55402
(612) 341-3302

**ATTORNEYS FOR PETITIONER**