UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-1172 JRT/AJB

---

**KEYSE JAMA,**

**Petitioner,**

**v.**

**IMMIGRATION AND CUSTOMS ENFORCEMENT,**

**Respondent.**

---

**Respondent's Declaration Concerning Petitioner's Removal to Somalia And Continued Opposition To Petitioner's Renewed Motion To Compel Release**

---

Respondent United States Immigration and Customs Enforcement ("ICE"), through its undersigned counsel, hereby respectfully submits the attached declaration concerning Petitioner Keyse Jama's removal to Somalia and its continued opposition to Petitioner's requests for release, and states in further detail as follows:

1. The attached declaration contains a report by Lisa Hoechst, ICE Chief of the Travel Document Unit, about the events surrounding ICE's efforts to remove Petitioner to Somalia on April 22, 2005.

2. The attached declaration provides information that supports Petitioner's continued detention. Specifically, Petitioner's removal was nearly accomplished by ICE,

there are ongoing discussions to ascertain why the last step in the removal process was not successful, and Respondent expects that it will be able to remove Petitioner within six weeks. In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court established evidentiary burdens for immigration detainees and the government. Specifically, at the end of a presumptively reasonable period of six months of detention, a detainee may seek release after he has demonstrated "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]" Id. at 701. For detention to remain reasonable, the government must rebut that evidence. Id. However, the Supreme Court acknowledged that the judiciary's review of the reasonableness of an alien's detention "must take appropriate account of the greater immigration-related expertise of the Executive Branch, of the serious administrative needs and concerns inherent in the necessarily extensive [governmental] efforts to enforce this complex statute, and the Nation's need to 'speak with one voice in immigration matters.'" Id. at 700. The Supreme Court also noted that courts must "listen with care when the Government's foreign policy judgments, including, for example, the status of repatriation negotiations, are at issue, and to grant the Government appropriate leeway when its judgements rest upon foreign policy expertise." Id.

3. In the instant case, the Zadvydas period did not commence until the Eighth Circuit issued its mandate on March 1, 2005, and thus the period does not expire until September 1, 2005. In the alternative, even if the Supreme Court's decision on January

12, 2005, is accepted as the commencement of the Zadvydas period, that period does not expire until July 12, 2005. Thus, Petitioner's detention is well within the Zadvydas period.

4. Petitioner has asserted that ongoing negotiations and proposals are insufficient under Zadvydas to continue his detention. See Petitioner's Memorandum In Support Of Petitioner's Renewed Motion at p. 2 (citing Habtegaber v. Jenifer, 256 F. Supp. 2d 692 (E.D. Mich. 2003); Okwilagwe v. INS, 2002 WL 356758 (N.D. Tex. March 1, 2002)). Habtegaber and Okwilagwe are inapposite here. Those cases involved a continuing uncertainty over removal and a complete lack of evidence that removal was imminent. In the instant case, Respondent attempted to remove Petitioner to Somalia, has advised the Court that "RMI was advised that the failed event was 'surprising' and would be discussed with the highest officials in Puntland[,]" and has provided the Court with another deadline for Petitioner's removal, i.e., within the next six weeks. See Hoechst Declaration at §§ 16, 17. Therefore, this matter is quite unlike the facts in Habtegaber or Okwilagwe.

5. The attached declaration concerning Petitioner's removal indicates that there is a significant likelihood of his removal in the reasonably foreseeable future. Further, Petitioner's detention is well within the Zadvydas period. Given Zadvydas's recognition that the Executive Branch must be given some leeway in the course of repatriation discussions, the events surrounding the recent removal operation, and the expectation that

Petitioner will be removed within the next six weeks, Respondent continues to oppose Petitioner's release from custody. Where there is no danger of indefinite detention, Zadvydas does not compel release.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID J. KLINE
Principal Deputy Director

_s.Lonnie Bryan___________
GREG D. MACK
Senior Litigation Counsel
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878
Ben Franklin Station
Washington, D. C. 20044
Telephone: (202) 616-4858

Date: April 27, 2005

Attorneys For Respondent