**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

JAMA, Keyse G. (A71 689 585)

Petitioner,

vs.

IMMIGRATION AND
CUSTOMS ENFORCEMENT,

Respondents.

**PETITIONER'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF EVIDENCE**

**Civil No. 01-1172 (JRT/AJB)**

---

This Court on May 20, 2005 held that respondent Bureau of Immigration and Customs Enforcement ("ICE") failed to demonstrate that there is a significant likelihood of the removal of petitioner Keyse Jama and released Jama pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001). ICE appealed and moved to stay the order. It based the motion to stay on its representation that Jama would be deported no later than June 8 and attached an extra-record declaration stating that on the same day it was moving for a stay, "ICE learned from RMI Security, that the President of Puntland and RMI will have a telephone conference on Saturday May 21, 2005, and that RMI believes that a letter of acceptance from the President of Puntland would be forthcoming." (Resp't Br. re. Emergency Mot. at 12.) June 8 came and went. There was no letter, no deportation, and Jama remains in ICE custody.

Jama made a motion to the Eighth Circuit to lift the stay in light of ICE's failure to remove him. In response to this motion, ICE again offers another out-of-record declaration stating that "ICE, through its contractor, has secured the approval of Jama's repatriation from the Puntland President." (Resp't Op. Br. at 4.) It continues: "the Puntland President has 'recently

approved Jama's repatriation in writing and has assured his acceptance upon arrival.'" (*Id.*) On the basis of this purported personal letter of acceptance from the President of Puntland, ICE claims to be able to remove Jama on "a date certain within the next 35 days" (July 29), subject to the caveat that it may extend that time frame yet again through additional litigation at the district court to lift the April 22 injunction. (*See id.* at 6.)

As this Court has jurisdiction to compel the production of evidence not in the current record, petitioner respectfully requests that the Court order the government to produce to petitioner the personal letter of the President of Puntland, which respondent represents expresses consent of Jama's deportation. This Court has retained the jurisdiction over the issues relating to the deportation as a result of its habeas jurisdiction. The letter in issue contains important information about the viability of the likelihood of the government's deportation plan. It is evidence that should be available to the courts and counsel for review.

ICE has not moved the Court of Appeals to supplement the record with this purported letter, upon which Jama's deportation supposedly hangs. This Court is the proper forum for the fact-finding relevant to the deportation issues in this case. The letter should be ordered produced because it has relevance to the issues concerning Jama's release and this Court's on-going jurisdiction in this case.

DATED: Friday, July 1, 2005.

BRIGGS AND MORGAN, P.A.

By: ______________________

Jeffrey J. Keyes (#55505)
Kevin M. Magnuson (#306599)
2200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 334-8400

**AND**

Michelle Garnett McKenzie
Minnesota Advocates for Human Rights
650 Third Avenue South #550
Minneapolis, MN 55402
(612) 341-3302

**ATTORNEYS FOR PETITIONER**