**No. 01-1172**

---

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**KEYSE JAMA,**

**Petitioner,**

**v.**

**IMMIGRATION AND CUSTOMS ENFORCEMENT,**

**Respondent.**

---

# RESPONDENT'S MOTION TO VACATE THE COURT'S APRIL 22, 2005 INJUNCTION AND DISMISS THE HABEAS PETITION

---

## Introduction

On April 22, 2005, the Court entered an injunction after Respondent Immigration and Customs Enforcement ("ICE") attempted to execute Petitioner Keyse Jama's May 9, 2001 order of removal. Specifically, the Court ordered that ICE, "or any agent acting on its behalf, is prohibited from accomplishing any deportation procedure different from that previously presented to this Court without the prior review of the Court." Exhibit 1. This Court entered that order pursuant to its jurisdiction over Jama's petition for a writ of habeas corpus, which challenged Respondent's authority to remove Jama to Somalia under 8 U.S.C. § 1231(b)(2).

The Court should vacate its April 22, 2005 injunction and dismiss the habeas petition

because 8 U.S.C. § 1252(b)(9), as amended by the REAL ID Act of 2005, divests this Court of habeas jurisdiction over questions arising from any action taken to remove an alien, like Jama, from the United States. See 8 U.S.C. § 1252(b)(9), as amended by the REAL ID Act of 2005, § 106(a)(2), Pub. L. No. 119-13, Div. B, 119 Stat. 231 (May 11, 2005), attached hereto at Exhibit 2. Section 1252(b)(9) provides that such questions may be reviewed only in the context of judicial review of a final order of removal, and explicitly bars habeas review of such questions. Id. New 8 U.S.C. § 1252(a)(5) makes it clear that the sole and exclusive means for judicial review of a final order of removal is through a petition for review filed in the appropriate court of appeals. See REAL ID Act of 2005, § 106(a)(1) (adding new section 1252(a)(5), to Title 8, United States Code). Further, 8 U.S.C. § 1252(g), as amended by the REAL ID Act, § 106(a)(3), deprives the district courts of habeas jurisdiction over challenges to the execution of orders of removal, and the only remaining issues pending before the Court involve the execution of Jama's removal order. Accordingly, the injunction should be vacated and the habeas petition dismissed as well.

In the alternative, Respondent respectfully requests that the Court simply vacate its April 22, 2005 injunction based on the removal plan submitted at Exhibit 3. Therein, Respondent generally notes when and how it intends to remove Jama. Specifically, Jama will be removed to Puntland on or before July 28, 2005. See id. Accordingly, the Court should vacate the April 22, 2005 injunction and deny the habeas petition.

Finally, Respondent respectfully requests that the Court rule on this motion no later

than July 8, 2005, so that the removal of Jama, a difficult and complex undertaking, can go forward unhindered.

**Factual and Procedural Background**

In 1999, following incident in which he stabbed three people, see Exhibit 2 to Respondent's Response To Petitioner's Emergency Motion To Compel Release Or Removal, Jama was convicted of felony assault. Thereafter, the INS placed Jama in removal proceedings because he had committed a crime involving moral turpitude, to wit an assault offense, which rendered him removable under 8 U.S.C.
§ 1182(a)(2)(A)(i)(I). Jama's order of removal became final on May 9, 2001, when the Board of Immigration Appeals ("Board") dismissed his appeal of the Immigration Judge's order of removal to Somalia. Jama did not pursue a petition for review in the court of appeals of this decision. Rather, he waited until after the former INS issued him a May 25, 2001 warrant for his removal to file a petition for a writ of habeas corpus in this Court on June 28, 2001. On March 31, 2002, the Court granted Jama's petition for a writ of habeas corpus, and enjoined his removal to Somalia. Specifically, the Court directed that Jama not be removed from the United States until the government of the country to which he is to be removed agreed to accept him and upon further order of this Court.

The Eighth Circuit reversed. See Jama v. INS, 329 F.3d 630 (8th Cir. 2003) (Jama I). The Eighth Circuit concluded that the plain language of section 8 U.S.C. § 1231(b)(2)(E)(iv) did not impose any requirement that the United States obtain the

acceptance of the government of the country of removal. See Jama, 329 F.3d at 634. In addition, the Eighth Circuit reversed this Court's 2004 order directing the government to release Jama from detention. See Jama v. Ashcroft, 362 F.3d 1117 (8th Cir. 2004) (Jama II).

On January 12, 2005, the Supreme Court affirmed the Eighth Circuit's decision in Jama I. On March 1, 2005, the Eighth Circuit issued its mandate. On March 4, 2005, Jama filed a motion to compel release or removal. The Court denied this motion. On April 20, 2005, Respondent attempted to remove Jama to Somalia, without success. Jama was returned to the United States, and he remains in detention in this judicial district. On May 20, 2005, this Court issued an order which directed Respondent to release Jama from custody by 10:00 a.m. on May 23, 2005. Upon Respondent's request for an emergency stay, the Eighth Circuit issued a stay of this Court's release order pending further order of that court.[1]

On June 17, 2005, Jama filed a motion to lift the Eighth Circuit's stay of this Court's release order. In response, Respondent opposed the lifting of the stay, and stated that "the President of the self-proclaimed autonomous region of Puntland, which is Jama's desired destination within Somalia, has 'recently approved Jama's repatriation in writing and has assured his acceptance upon arrival.'" See Exhibit 4. Respondent also stated that it had developed a plan to remove Jama, and this plan "will be executed on a date certain" that is "within the next 35 days." See id. The Eighth Circuit has not yet ruled on Jama's motion

[1] Respondent hereby incorporates by reference its previous pleadings in this matter.

to lift the stay.

## Argument

## I. Pursuant To The New 8 U.S.C. § 1252, The Court Should Vacate The Injunction And Dismiss The Habeas Petition.

There is no review of actions taken by Respondent to remove an alien unless judicial review is authorized under 8 U.S.C. § 1252. Judicial review under section 1252 requires a petition for review in the appropriate court of appeals. See 8 U.S.C. §§ 1252(a)(1), 1252 (a)(5). Further, the REAL ID Act makes clear that a petition for review is the sole and exclusive means of judicial review for questions arising from actions taken to remove an alien from the United States, and that the district courts have been divested of habeas jurisdiction over such questions and claims. See id. § 1252(a)(5), 1252(b)(9), 1252(g). Specifically, new sections 1252(a)(5), 1252(b)(9), and 1252(g), provide, "[n]otwithstanding any other provision of law (statutory or nonstatutory) including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title," the sole and exclusive means for judicial review of a final order of removal is a petition for review in the appropriate court of appeals, and challenges to the execution of a removal or any action taken to remove an alien from the United States may only be asserted in a petition for review under section 1252.

Put simply, the district courts no longer have habeas jurisdiction over challenges to the execution of an order of removal or any action taken to remove an alien from the United States. Accordingly, this Court should vacate its April 22, 2005 injunction and dismiss the

instant habeas petition.

In the instant case, the remaining issues before the Court, particularly the Court's April 22, 2005 injunction, fall within the scope of the jurisdiction-limiting provisions of 8 U.S.C. § 1252, as amended by the REAL ID Act of 2005. Specifically, the Court's injunction involves a claim or cause arising from an action taken to execute Jama's order of removal, and it challenges decisions or actions concerning the execution of an order of removal. See 8 U.S.C. §§ 1252(b)(9), 1252(g). The Eighth Circuit's issuance of the mandate on March 1, 2004, authorized Respondent to execute Jama's order of removal. The mandate is a directive that the order of removal is no longer subject to this Court's 2002 injunction, and that Respondent is authorized to execute the order of removal. Respondent is endeavoring to execute that order of removal. The Court's continued jurisdiction over this matter was arguably lacking prior to the enactment of the REAL ID Act of 2005. It is now clearly precluded under the provisions of the new Act.

Therefore, Respondent respectfully requests that the Court vacate its April 22, 2005 injunction and dismiss the instant habeas petition.

## II. Based On A New Removal Plan, This Court Should Vacate The Injunction And Deny The Petition.

In any event, even if this Court continues to assert jurisdiction, it should vacate the injunction and deny the petition based on a new removal plan. On or before July 28, 2005, Jama will be removed from the United States. See Exhibit 3. Jama has requested that he be removed to Puntland. The President of the self-proclaimed autonomous region of Puntland,

Somalia has recently approved Jama's repatriation and has assured his acceptance upon arrival. Id. Respondent will endeavor to remove Jama to Bossasso, Puntland. Id. In the event that removal to Bossasso is not feasible or successful, Jama will be transported to another location within Puntland. Id. This letter was not available during the first attempt to remove Jama.

This new plan will result in Jama's removal within the next few weeks. Further, given the recent assurance from the President of Puntland regarding Jama's repatriation to Puntland, the new plan should obviate the concerns that led the Court to issue its April 22, 2005 injunction. Accordingly, the Court should vacate the April 22, 2005 injunction and enter a final judgment denying the petition.

______This Court is "authorized to make any changes in [an] injunction that are equitable in light of subsequent changes in the facts or the law.'" See Omaha Indemnity Co. v. Wining, 949 F.2d 235, 239 (8th Cir. 1991). Given Respondent's new removal plan, the Court should dissolve the injunction so that Jama can be removed to Somalia. The new plan constitutes a subsequent and significant change in the facts. Further, the REAL ID Act's divestiture of habeas jurisdiction over this case, as noted above, is a subsequent change in the law. Accordingly, the Court should vacate the injunction.

In addition, this Court lacks jurisdiction to supervise Respondent's removal operations. See Jama v. ICE, — U.S. —, 125 S. Ct. 694, 704 (2005) ("Removal decisions, including the selection of a removed alien's destination, 'may implicate our relations with

foreign powers' and require consideration of 'changing political and economic circumstances.'") (citing Mathews v. Diaz, 426 U.S. 67, 81 (1978). Jama's insistence on continued judicial oversight of his removal runs afoul of deference to the Executive Branch in the exercise of its authority to execute an order of removal. Furthermore, where Congress has carefully calibrated the eligibility criteria regarding applications for asylum, withholding of removal, and protection under the Convention Against Torture, this Court should refrain from creating new constitutional rights, as the statutory and regulatory regime created by the other two branches of government in this context "counsel hesitation" in creating new constitutional rights. Cf. McIntosh v. Weinberger, 810 F.2d 1411, 1435 (8th Cir. 1987) (citing Bush v. Lucas, 462 U.S. 367, 388-90 (1983) (noting comprehensive remedial scheme available to the litigant as factor in rejecting adoption of a new constitutional remedy); Carlson v. Green, 446 U.S. 14, 18-19 (1980); Davis v. Passman, 442 U.S. 228, 245-47 (1979).

Respondent respectfully requests that the Court vacate its April 22, 2005 injunction and dismiss this case no later than Friday, July 8, 2005. Respondent anticipates that it will execute Jama's order of removal within the next few weeks, and the government's removal planning and operations should not be hindered by the April 22, 2005 injunction or the Court's continued jurisdiction.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court vacate the injunction and dismiss the petition for a writ of habeas corpus. Further, we respectfully request that the Court rule on this motion no later than Friday, July 8, 2005.

Dated: July 5, 2005

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID J. KLINE
Principal Deputy Director

s/Greg D. Mack
GREG D. MACK
Senior Litigation Counsel
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
(Tel.) (202) 616-4858
(Fax) (202) 616-9366