# EXHIBIT 2

apply with respect to any material support an alien afforded to an organization or individual that has engaged in a terrorist activity, or that subsection (a)(3)(B)(vi)(III) shall not apply to a group solely by virtue of having a subgroup within the scope of that subsection. The Secretary of State may not, however, exercise discretion under this clause with respect to an alien once removal proceedings against the alien are instituted under section 240.

``(ii) Not later than 90 days after the end of each fiscal year, the Secretary of State and the Secretary of Homeland Security shall each provide to the Committees on the Judiciary of the House of Representatives and of the Senate, the Committee on International Relations of the House of Representatives, the Committee on Foreign Relations of the Senate, and the Committee on Homeland Security of the House of Representatives a report on the aliens to whom such Secretary has applied clause (i). Within one

[Page: H2833] GPO's PDF

week of applying clause (i) to a group, the Secretary of State or the Secretary of Homeland Security shall provide a report to such Committees.''.

**SEC. 105. REMOVAL OF TERRORISTS.**

(a) *In General.*--

(1) **IN GENERAL.**--Section 237(a)(4)(B) of the Immigration and Nationality Act (8 U.S.C. 1227(a)(4)(B)) is amended to read as follows:

``(B) **TERRORIST ACTIVITIES.**--Any alien who is described in subparagraph (B) or (F) of section 212(a)(3) is deportable.''.

(2) **EFFECTIVE DATE.**--The amendment made by paragraph (1) shall take effect on the date of the enactment of this division, and the amendment, and section 237(a)(4)(B) of the Immigration and Nationality Act (8 U.S.C. 1227(a)(4)(B)), as amended by such paragraph, shall apply to--

(A) removal proceedings instituted before, on, or after the date of the enactment of this division; and

(B) acts and conditions constituting a ground for inadmissibility, excludability, deportation, or removal occurring or existing before, on, or after such date.

(b) *Repeal.*--Effective as of the date of the enactment of the Intelligence Reform and Terrorism Prevention Act of 2004 (Public Law 108-458), section 5402 of such Act is repealed, and the Immigration and Nationality Act shall be applied as if such section had not been enacted.

**SEC. 106. JUDICIAL REVIEW OF ORDERS OF REMOVAL.**

(a) *In General.*--Section 242 of the Immigration and Nationality Act (8 U.S.C. 1252) is amended--

(1) in subsection (a)--

(A) in paragraph (2)--

(i) in subparagraph (A), by inserting ``(statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title" after ``Notwithstanding any other provision of law";

(ii) (ii) in each of subparagraphs (B) and (C), by inserting ``(statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D)" after ``Notwithstanding any other provision of law"; and

(iii) by adding at the end the following:

``(D) **JUDICIAL REVIEW OF CERTAIN LEGAL CLAIMS.**--Nothing in subparagraph (B) or (C), or in any other provision of this Act (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section."; and

(B) by adding at the end the following:

``(4) **CLAIMS UNDER THE UNITED NATIONS CONVENTION.**--Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of any cause or claim under the United Nations Convention Against Torture and Other Forms of Cruel, Inhuman, or Degrading Treatment or Punishment, except as provided in subsection (e).

``(5) **EXCLUSIVE MEANS OF REVIEW.**--Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e). For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms `judicial review' and `jurisdiction to review' include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus

provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).";

(2) in subsection (b)(9), by adding at the end the following: ``Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of title 28, United States Code, or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact."; and

(3) in subsection (g), by inserting ``(statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title" after ``notwithstanding any other provision of law".

(b) *Effective Date*.--The amendments made by subsection (a) shall take effect upon the date of the enactment of this division and shall apply to cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of the enactment of this division.

(c) *Transfer of Cases*.--If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note). The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under such section 242, except that subsection (b)(1) of such section shall not apply.

(d) *Transitional Rule Cases*.--A petition for review filed under former section 106(a) of the Immigration and Nationality Act (as in effect before its repeal by section 306(b) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1252 note)) shall be treated as if it had been filed as a petition for review under section 242 of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section. Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, such petition for review shall be the sole and exclusive means for judicial review of an order of deportation or exclusion.

**TITLE II--IMPROVED SECURITY FOR DRIVERS' LICENSES AND PERSONAL IDENTIFICATION CARDS**

**SEC. 201. DEFINITIONS.**

In this title, the following definitions apply:

(1) **DRIVER'S LICENSE**.--The term ``driver's license'' means a motor vehicle operator's license, as defined in section 30301 of title 49, United States Code.

(2) **IDENTIFICATION CARD**.--The term ``identification card'' means a personal identification card, as defined in section 1028(d) of title 18, United States Code, issued by a State.

(3) **OFFICIAL PURPOSE**.--The term ``official purpose'' includes but is not limited to accessing Federal facilities, boarding federally regulated commercial aircraft, entering nuclear power plants, and any other purposes that the Secretary shall determine.

(4) **SECRETARY**.--The term ``Secretary'' means the Secretary of Homeland Security.

(5) **STATE**.--The term ``State'' means a State of the United States, the District of Columbia, Puerto Rico, the Virgin Islands, Guam, American Samoa, the Northern Mariana Islands, the Trust Territory of the Pacific Islands, and any other territory or possession of the United States.

**SEC. 202. MINIMUM DOCUMENT REQUIREMENTS AND ISSUANCE STANDARDS FOR FEDERAL RECOGNITION.**

(a) *Minimum Standards for Federal Use*.--

(1) **IN GENERAL**.--Beginning 3 years after the date of the enactment of this division, a Federal agency may not accept, for any official purpose, a driver's license or identification card issued by a State to any person unless the State is meeting the requirements of this section.

(2) **STATE CERTIFICATIONS**.--The Secretary shall determine whether a State is meeting the requirements of this section based on certifications made by the State to the Secretary. Such certifications shall be made at such times and in such manner as the Secretary, in consultation with the Secretary of Transportation, may prescribe by regulation.

(b) *Minimum Document Requirements*.--To meet the requirements of this section, a State shall include, at a minimum, the following information and features on each driver's license and identification card issued to a person by the State:

(1) The person's full legal name.

(2) The person's date of birth.

(3) The person's gender.

(4) The person's driver's license or identification card number.

8 U.S.C.A. § 1252

United States Code Annotated

Title 8. Aliens and Nationality **(Refs & Annos)**

Chapter 12. Immigration and Nationality

**Subchapter II.** Immigration

**Part V.** Adjustment and Change of Status **(Refs & Annos)**

**§ 1252. Judicial review of orders of removal**

(a) Applicable provisions

(1) General orders of removal

Judicial review of a final order of removal (other than an order of removal without a hearing pursuant to **section 1225(b)(1)** of this title) is governed only by chapter 158 of Title 28, except as provided in subsection (b) of this section and except that the court may not order the taking of additional evidence under **section 2347(c) of Title 28**.

(2) Matters not subject to judicial review

(A) Review relating to **section 1225(b)(1)** of this title

Notwithstanding any other provision of law (statutory or nonstatutory), including **section 2241 of Title 28**, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to review--

**(i)** except as provided in subsection (e) of this section, any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to **section 1225(b)(1)** of this title,

**(ii)** except as provided in subsection (e) of this section, a decision by the Attorney General to invoke the provisions of such section,

**(iii)** the application of such section to individual aliens, including the determination made under **section 1225(b)(1)(B)** of this title, or

**(iv)** except as provided in subsection (e) of this section, procedures and policies adopted by the

Attorney General to implement the provisions of **section 1225(b)(1)** of this title.

(B) Denials of discretionary relief

Notwithstanding any other provision of law (statutory or nonstatutory), including **section 2241 of Title 28**, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review--

**(i)** any judgment regarding the granting of relief under **section 1182(h)**, **1182(i)**, **1229b**, **1229c**, or **1255** of this title, or

**(ii)** any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under **section 1158(a)** of this title.

(C) Orders against criminal aliens

Notwithstanding any other provision of law (statutory or nonstatutory), including **section 2241 of Title 28**, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in **section 1182(a)(2)** or **1227(a)(2)(A)(iii)**, **(B)**, **(C)**, or **(D)** of this title, or any offense covered by **section 1227(a)(2)(A)(ii)** of this title for which both predicate offenses are, without regard to their date of commission, otherwise covered by **section 1227(a)(2)(A)(i)** of this title.

(D) Judicial review of certain legal claims

Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

(3) Treatment of certain decisions

No alien shall have a right to appeal from a decision of an immigration judge which is based solely on a certification described in **section 1229a(c)(1)(B)** of this title.

(4) Claims under the United Nations Convention

Notwithstanding any other provision of law (statutory or nonstatutory), including **section 2241 of Title 28**, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of any cause or claim under the United Nations Convention Against Torture and Other Forms of Cruel, Inhuman, or Degrading Treatment or Punishment, except as provided in subsection (e) of this section.

(5) Exclusive means of review

Notwithstanding any other provision of law (statutory or nonstatutory), including **section 2241 of Title 28**, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to **section 2241 of Title 28**, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

(b) Requirements for review of orders of removal

With respect to review of an order of removal under subsection (a)(1) of this section, the following requirements apply:

(1) Deadline

The petition for review must be filed not later than 30 days after the date of the final order of removal.

(2) Venue and forms

The petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings. The record and briefs do not have to be printed. The court of appeals shall review the proceeding on a typewritten record and on typewritten briefs.

(3) Service

(A) In general

The respondent is the Attorney General. The petition shall be served on the Attorney General and on the officer or employee of the Service in charge of the Service district in which the final order of removal under **section 1229a** of this title was entered.

(B) Stay of order

Service of the petition on the officer or employee does not stay the removal of an alien pending the court's decision on the petition, unless the court orders otherwise.

(C) Alien's brief

The alien shall serve and file a brief in connection with a petition for judicial review not later than 40 days after the date on which the administrative record is available, and may serve and file a reply brief not later than 14 days after service of the brief of the Attorney General, and the court may not extend these deadlines except upon motion for good cause shown. If an alien fails to file a brief within the time provided in this paragraph, the court shall dismiss the appeal unless a manifest injustice would result.

(4) Scope and standard for review

Except as provided in paragraph (5)(B)--

**(A)** the court of appeals shall decide the petition only on the administrative record on which the order of removal is based,

**(B)** the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary,

**(C)** a decision that an alien is not eligible for admission to the United States is conclusive unless manifestly contrary to law, and

**(D)** the Attorney General's discretionary judgment whether to grant relief under **section 1158(a)** of this title shall be conclusive unless manifestly contrary to the law and an abuse of discretion.

No court shall reverse a determination made by a trier of fact with respect to the availability of

corroborating evidence, as described in **section 1158(b)(1)(B)**, **1229a(c)(4)(B)**, or **1231(b)(3)(C)** of this title, unless the court finds, pursuant to section 1252(b)(4)(B) of this title, that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable.

(5) Treatment of nationality claims

(A) Court determination if no issue of fact

If the petitioner claims to be a national of the United States and the court of appeals finds from the pleadings and affidavits that no genuine issue of material fact about the petitioner's nationality is presented, the court shall decide the nationality claim.

(B) Transfer if issue of fact

If the petitioner claims to be a national of the United States and the court of appeals finds that a genuine issue of material fact about the petitioner's nationality is presented, the court shall transfer the proceeding to the district court of the United States for the judicial district in which the petitioner resides for a new hearing on the nationality claim and a decision on that claim as if an action had been brought in the district court under **section 2201 of Title 28**.

(C) Limitation on determination

The petitioner may have such nationality claim decided only as provided in this paragraph.

(6) Consolidation with review of motions to reopen or reconsider

When a petitioner seeks review of an order under this section, any review sought of a motion to reopen or reconsider the order shall be consolidated with the review of the order.

(7) Challenge to validity of orders in certain criminal proceedings

(A) In general

If the validity of an order of removal has not been judicially decided, a defendant in a criminal proceeding charged with violating **section 1253(a)** of this title may challenge the validity of the order in the criminal proceeding only by filing a separate motion before trial. The district court, without a jury, shall decide the motion before trial.

(B) Claims of United States nationality

If the defendant claims in the motion to be a national of the United States and the district court finds that--

**(i)** no genuine issue of material fact about the defendant's nationality is presented, the court shall decide the motion only on the administrative record on which the removal order is based and the administrative findings of fact are conclusive if supported by reasonable, substantial, and probative evidence on the record considered as a whole; or

**(ii)** a genuine issue of material fact about the defendant's nationality is presented, the court shall hold a new hearing on the nationality claim and decide that claim as if an action had been brought under **section 2201 of Title 28, United States Code**.

The defendant may have such nationality claim decided only as provided in this subparagraph.

(C) Consequence of invalidation

If the district court rules that the removal order is invalid, the court shall dismiss the indictment for violation of **section 1253(a)** of this title. The United States Government may appeal the dismissal to the court of appeals for the appropriate circuit within 30 days after the date of the dismissal.

(D) Limitation on filing petitions for review

The defendant in a criminal proceeding under **section 1253(a)** of this title may not file a petition for review under subsection (a) of this section during the criminal proceeding.

(8) Construction

This subsection--

**(A)** does not prevent the Attorney General, after a final order of removal has been issued, from detaining the alien under **section 1231(a)** of this title;

**(B)** does not relieve the alien from complying with **section 1231(a)(4)** of this title and **section 1253(g)** **[FN1]** of this title; and

**(C)** does not require the Attorney General to defer removal of the alien.

(9) Consolidation of questions for judicial review

Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under **section 2241 of Title 28**, or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

(c) Requirements for petition

A petition for review or for habeas corpus of an order of removal--

**(1)** shall attach a copy of such order, and

**(2)** shall state whether a court has upheld the validity of the order, and, if so, shall state the name of the court, the date of the court's ruling, and the kind of proceeding.

(d) Review of final orders

A court may review a final order of removal only if--

**(1)** the alien has exhausted all administrative remedies available to the alien as of right, and

**(2)** another court has not decided the validity of the order, unless the reviewing court finds that the petition presents grounds that could not have been presented in the prior judicial proceeding or that the remedy provided by the prior proceeding was inadequate or ineffective to test the validity of the order.

(e) Judicial review of orders under **section 1225(b)(1)**

(1) Limitations on relief

Without regard to the nature of the action or claim and without regard to the identity of the party or parties bringing the action, no court may--

**(A)** enter declaratory, injunctive, or other equitable relief in any action pertaining to an order to exclude an alien in accordance with **section 1225(b)(1)** of this title except as specifically authorized in a subsequent paragraph of this subsection, or

**(B)** certify a class under **Rule 23 of the Federal Rules of Civil Procedure** in any action for which judicial review is authorized under a subsequent paragraph of this subsection.

(2) Habeas corpus proceedings

Judicial review of any determination made under **section 1225(b)(1)** of this title is available in habeas corpus proceedings, but shall be limited to determinations of--

**(A)** whether the petitioner is an alien,

**(B)** whether the petitioner was ordered removed under such section, and

**(C)** whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee under **section 1157** of this title, or has been granted asylum under **section 1158** of this title, such status not having been terminated, and is entitled to such further inquiry as prescribed by the Attorney General pursuant to **section 1225(b)(1)(C)** of this title.

(3) Challenges on validity of the system

(A) In general

Judicial review of determinations under **section 1225(b)** of this title and its implementation is available in an action instituted in the United States District Court for the District of Columbia, but shall be limited to determinations of--

**(i)** whether such section, or any regulation issued to implement such section, is constitutional; or

**(ii)** whether such a regulation, or a written policy directive, written policy guideline, or written procedure issued by or under the authority of the Attorney General to implement such section, is not consistent with applicable provisions of this subchapter or is otherwise in violation of law.

(B) Deadlines for bringing actions

Any action instituted under this paragraph must be filed no later than 60 days after the date the challenged section, regulation, directive, guideline, or procedure described in clause (i) or (ii) of subparagraph (A) is first implemented.

(C) Notice of appeal

A notice of appeal of an order issued by the District Court under this paragraph may be filed not later than 30 days after the date of issuance of such order.

(D) Expeditious consideration of cases

It shall be the duty of the District Court, the Court of Appeals, and the Supreme Court of the United States to advance on the docket and to expedite to the greatest possible extent the disposition of any case considered under this paragraph.

(4) Decision

In any case where the court determines that the petitioner--

**(A)** is an alien who was not ordered removed under **section 1225(b)(1)** of this title, or

**(B)** has demonstrated by a preponderance of the evidence that the alien is an alien lawfully admitted for permanent residence, has been admitted as a refugee under **section 1157** of this title, or has been granted asylum under **section 1158** of this title, the court may order no remedy or relief other than to require that the petitioner be provided a hearing in accordance with **section 1229a** of this title. Any alien who is provided a hearing under **section 1229a** of this title pursuant to this paragraph may thereafter obtain judicial review of any resulting final order of removal pursuant to subsection (a)(1) of this section.

(5) Scope of inquiry

In determining whether an alien has been ordered removed under **section 1225(b)(1)** of this title, the court's inquiry shall be limited to whether such an order in fact was issued and whether it relates to the petitioner. There shall be no review of whether the alien is actually inadmissible or entitled to any relief from removal.

(f) Limit on injunctive relief

(1) In general

Regardless of the nature of the action or claim or of the identity of the party or parties bringing the action, no court (other than the Supreme Court) shall have jurisdiction or authority to enjoin or restrain the operation of the provisions of part IV of this subchapter, as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, other than with respect to the application of such provisions to an individual alien against whom proceedings under such part have been initiated.

(2) Particular cases

Notwithstanding any other provision of law, no court shall enjoin the removal of any alien pursuant to a final order under this section unless the alien shows by clear and convincing evidence that the entry or execution of such order is prohibited as a matter of law.

(g) Exclusive jurisdiction

Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including **section 2241 of title 28, United States Code**, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.