# EXHIBIT 4

U.S. Court of Appeals for the Eighth Circuit
Civil No. 05-2378

Keyse G. Jama,
Petitioner--Appellee,

v.

Immigration and Customs Enforcement,
Respondent--Appellant.

I, John Clark, hereby declare that:

1) I am the Deputy Assistant Secretary of U.S. Immigration and Customs Enforcement (ICE), within the Department of Homeland Security in Washington, D.C.

2) My present duties and responsibilities include assisting in the administration and enforcement of customs and immigration laws. I advise and assist the Assistant Secretary in formulating and implementing ICE's policies and programs. I provide supervision and direction to all organizational units of ICE, including the Office of Detention and Removal Operations.

3) This declaration is intended to apprise the Court of aspects of ICE's plan to accomplish the removal of Keyse Jama from the United States. I am making this declaration both from facts known personally to me and from facts learned during the performance of official duties.

   a) Jama will depart the United States by air to a transit point near but outside Somalia.

   b) Jama will then be transported from the transit point to Puntland,[1] Somalia.

4) The President of the self-proclaimed autonomous region of Puntland has recently approved Jama's repatriation in writing and has assured his acceptance upon arrival.

5) The plan to remove Jama will be executed on a date certain known only to those involved in the operational aspects of this removal. That date certain is within the next 35 days.

---

[1] As indicated in declarations submitted to the district court, Jama has requested removal to Puntland, and ICE has been, and continues toward, attempting to accommodate that request.

a) As noted below, this 35 day period may be affected by the district court's current injunction on Jama's removal to any location within Puntland or Somalia that was not previously submitted in a removal plan to the district court, and the need to vacate or otherwise modify that injunction.

6) Previously, ICE disclosed the actual date of Jama's April 2005 removal and details concerning the removal operation. This was a departure from ICE's general policy of nondisclosure of the date, location, and participants of ongoing law enforcement operations. This is a sensitive operation and disclosure of the actual time and date of departure and the participants in the operation may endanger the safety of ICE officers, the flight crew, and the detainee. For these reasons as well as those stated in the Kovensky declaration of May 6, 2005 (attached as Exhibit A), ICE believes it should not divulge additional information, particularly information concerning the actual date of Jama's removal. Furthermore, the precise contents of the President's letter cannot be disclosed without jeopardizing the integrity of the removal operation.

7) To the extent that the plan to remove Jama to a location within Puntland diverges from the prior removal effort, a district court injunction requires that it be presented to the court. Specifically, the district court issued an injunction barring removal to any place other than the location previously submitted by ICE in a removal plan. Assuming any such divergence, the execution of the plan may be influenced by the district court because it has asserted the authority to supervise ICE's removal operations in this case.

I declare under penalty of perjury that the foregoing is true and correct. Dated June 23, 2005.

John Clark
Deputy Assistant Secretary

# EXHIBIT A
to June 23, 2005 Declaration of Deputy Assistant Secretary Clark

U.S. District Court for the District of Minnesota
Civil No. 01-1172 JRT/AJB

Keyse G. Jama,
Petitioner,

v.

Immigration and Customs Enforcement,
Respondent.

I, Leonard Kovensky, hereby declare that:

1) I am the Acting Assistant Director for Operations of the Office of Detention and Removal Operations (DRO), U.S. Immigration and Customs Enforcement (ICE) within the Department of Homeland Security in Washington, D.C.

2) My present duties include oversight of all operations relating to the enforcement of final orders of deportation and the removal of such aliens from the United States.

3) In my official capacity, I am familiar with ICE's efforts to remove Keyse Jama, alien file number 71 689 585.

4) ICE has provided to its counsel a declaration dated May 5, 2005 for submission to the Court which contains further information regarding Jama's removal from the United States.

5) Disclosure of this information is substantially likely to harm the law enforcement interests of the United States and pose a threat to the safety and well-being of those involved with the removal plans.

6) The bases for this statement are outlined in the declarations filed with this Court on April 14 and 18, 2005 which provided ICE's justifications for the submission of information under seal. In addition to those justifications, ICE also notes the following justifications for the current filing under seal:

   a) Generally, ICE does not disclose details about its removal plans or operations. In this case, ICE disclosed information because of the unique nature of this case. It is ICE's intent to remove Jama to Somalia. That intent was not successfully carried out when ICE tried to remove Jama. At this juncture, the successful execution of Jama's removal depends, in my opinion, in returning to ICE's policy of not disclosing, in public, its removal plans and the details of its removal operations.

   b) There are almost 4,000 Somali nationals present in the United States who are under a

final order of removal. If there are any among those aliens who do not wish to be repatriated, it would appear they have an interest in the failure of ICE's efforts to resume repatriations to Somalia.

7) Jama will be removed to Puntland, Somalia in the near future. ICE does not intend to publicly reveal a specific itinerary, to include destination city or time frame, to avoid jeopardizing the success of the future removal effort.

8) In summary, ICE has an important and substantial interest in safeguarding information regarding the details of Jama's removal. Preventing disclosure protects law enforcement interests and the safety of those involved in the removal plan as well as of the public. Dissemination of this information would also result in substantial harm to the ICE Detention and Removal Operations program.

I declare that the foregoing is true and correct to the best of my knowledge under penalty of perjury. Executed in Washington, D.C. on the 6th day of May, 2005.

Leonard Kovensky
Acting Assistant Director for Operations
Office of Detention and Removal Operations