**No. 01-1172**

---

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**KEYSE JAMA,**

**Petitioner,**

**v.**

**IMMIGRATION AND CUSTOMS ENFORCEMENT,**

**Respondent.**

---

# RESPONDENT'S OPPOSITION TO PETITIONER'S MOTION TO COMPEL PRODUCTION OF EVIDENCE

---

## Introduction

Respondent respectfully requests that the Court deny Petitioner Keyse Jama's motion to compel production of evidence. Specifically, the Court lacks jurisdiction over this petition for a writ of habeas corpus, and there is no general right to discovery in proceedings involving a petition for a writ of habeas corpus. Further, Petitioner has not demonstrated that good cause exists for production of evidence. Accordingly, the Court should deny the motion.

## Factual and Procedural Background

Respondent attempted to remove Jama in April 2005, without success. On May 20, 2005, the Court issued an order which directed Respondent to release Petitioner from immigration detention. On that same date, Respondent appealed that order and requested an

emergency stay of this Court's release order pending appeal. On May 23, 2005, the United States Court of Appeals for the Eighth Circuit issued the stay of the release order.

Thereafter, Petitioner moved to lift the stay. On June 24, 2005, the government, in response to Petitioner's motion to lift the stay, submitted a declaration to the Eighth Circuit. Exhibit 1. This declaration stated that the President of the self-proclaimed autonomous region of Puntland, which is Jama's desired destination within Somalia, had "recently approved Jama's repatriation in writing and has assured his acceptance upon arrival." See id. In order to avoid jeopardizing removal operations and to maintain operational security related to the execution of Petitioner's order of removal, Respondent did not attach the President's written statement to its response to Petitioner's motion to lift the stay. Previously, given its unsuccessful attempt to remove Petitioner, Respondent submitted a declaration to the Court noting its concern that further disclosures of information would result in substantial harm to Respondent's removal operations. Exhibit 2. In its response to Petitioner's motion to lift the stay in the Eighth Circuit, Deputy Assistant John Clark also noted Respondent's concern that disclosure of information would jeopardize the integrity of removal operations. Exhibit 1. Petitioner now seeks production of the President's written statement.

## ARGUMENT

### I. Lack Of Jurisdiction Over The Habeas Petition Precludes Discovery.

Petitioner is a criminal alien subject to an order of removal. The Eighth Circuit's

mandate in this case means that his order of removal may be executed by Respondent. Further, Respondent has filed a motion to vacate this Court's April 22, 2005 injunction and dismiss the habeas petition on jurisdictional grounds, and we incorporate herein our arguments regarding jurisdiction. Specifically, Respondent submitted a new removal plan to the Court and asserted that the REAL ID Act of 2005 divests this Court of habeas jurisdiction over the issues remaining in the instant case. Accordingly, given this lack of jurisdiction, the Court should not hear Petitioner's motion to compel, and dismiss it for want of jurisdiction.

**II. No General Right To Discovery Exists In Habeas Corpus Proceedings; It May Be Had, If At All, Only In The Discretion Of The Court, And Only After Good Cause Shown By The Movant.**

There is no general right to discovery in Habeas Corpus proceedings. See Bracy v. Gramley, 520 U.S. 899, 904 (1997); Newton v. Kemna, 354 F.3d 776, 783 (8th Cir. 2003). Discovery is available, if at all, only in the discretion of the court, and only after good cause shown. See Rule 6, Rules Governing Section 2254 Cases in the United States District Courts; see also Fed.R.Civ.P. 81(a)(2) ("These [Federal Rules of Civil Procedure] are applicable to proceedings for . . . habeas corpus . . . , to the extent that the practice in such proceedings is not set forth in statutes of the United States [or] the Rules Governing Section 2254 Cases . . . .")

To establish good cause, it is not enough for Petitioner to show that the requested discovery might have some bearing on his claim to relief. Instead, Petitioner must

demonstrate that the discovery sought will establish his claim and show that he is entitled to relief. See Rich v. Calderon, 187 F.3d 1064, 1068 (9th Cir. 1999) ("A habeas petitioner does not enjoy the presumptive entitlement to discovery of a traditional civil litigant," rather "discovery is available only in the discretion of the court and for good cause shown")(citing Bracy v. Gramley, 520 U.S. at 903-05 (1997)).

## II. Petitioner Has Failed To Establish That He Has Good Cause To Obtain Discovery.

Respondent's previous effort to remove Jama was not successful. In the course of being responsive to the Court's and Petitioner's inquiries about the prior removal plan, Respondent departed from its ordinary course and produced information on the record. Respondent believes that the integrity of removal operations and the protection of law enforcement functions and personnel associated with a subsequent removal are assured by not producing further information. See Exhibits 1 and 2. In short, Respondent believes that producing further information would jeopardize the next attempt to remove Jama.

Further, Petitioner seeks production of a letter from the President of Puntland regarding Petitioner's removal to Puntland. The Supreme Court has instructed Petitioner that inquiring into the government's removal operations implicates its foreign relations and discretionary executive functions. See Jama v. ICE, — U.S. —, 125 S. Ct. 694, 704 (2005) ("Removal decisions, including the selection of a removed alien's destination, 'may implicate our relations with foreign powers' and require consideration of 'changing political and economic circumstances.'") (citing Mathews v. Diaz, 426 U.S. 67, 81 (1978). Requiring

production of the President's letter to Petitioner would not only be harmful to removal operations in this case, but may affect and possibly jeopardize future exchanges on removals to Puntland. Petitioner's motion is entirely unprecedented, as indicated by his failure to cite any authority for the proposition that he is entitled to receive access to the President's written statement. The President has a reasonable expectation that his communications regarding repatriation will remain with those individuals who have an operational need for access to such sensitive communications. Disclosure of the President's letter may result in his reluctance to engage in further exchanges regarding repatriation. Removal of aliens is a sensitive matter requiring particular attention and care in exchanges with the entity accepting the alien's return. In the instant case, Petitioner has sought removal to Puntland, and Respondent is endeavoring to accommodate this request within reason and its considerable discretion to execute Petitioner's order of removal.

______In sum, Petitioner's bare bones statement that "the letter should be produced because it has relevance to the issues concerning Jama's release and this Court's on-going jurisdiction in this case[," see Petitioner's Motion To Compel at 2, does not come anywhere near the "good cause" standard. Further, the Eighth Circuit has jurisdiction over the issues related to Jama's release. Moreover, Petitioner has not specified the remaining issues before the Court. To the extent that Petitioner contends that the "viability of the likelihood of the government's deportation plan," see id. at 2, is an issue, he does not provide a statutory or other basis for this Court, sitting in habeas, to review the viability of the government's deportation plan.

This is particularly fatal after passage of the REAL ID Act, which the government contends divests this Court of continuing habeas jurisdiction over this case. Finally, assessing the viability of a deportation plan is reserved exclusively for the Executive Branch. See Jama, supra.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court deny Petitioner's motion to compel.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID J. KLINE
Principal Deputy Director

s/Greg D. Mack
GREG D. MACK
Senior Litigation Counsel
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
(Tel.) (202) 616-4858
(Fax) (202) 616-9366

July 6, 2005