**Exhibit 1**

U.S. Court of Appeals for the Eighth Circuit
Civil No. 05-2378

Keyse G. Jama,
Petitioner--Appellee,

v.

Immigration and Customs Enforcement,
Respondent--Appellant.

I, John Clark, hereby declare that:

1) I am the Deputy Assistant Secretary of U.S. Immigration and Customs Enforcement (ICE), within the Department of Homeland Security in Washington, D.C.

2) My present duties and responsibilities include assisting in the administration and enforcement of customs and immigration laws. I advise and assist the Assistant Secretary in formulating and implementing ICE's policies and programs. I provide supervision and direction to all organizational units of ICE, including the Office of Detention and Removal Operations.

3) This declaration is intended to apprise the Court of aspects of ICE's plan to accomplish the removal of Keyse Jama from the United States. I am making this declaration both from facts known personally to me and from facts learned during the performance of official duties.

   a) Jama will depart the United States by air to a transit point near but outside Somalia.

   b) Jama will then be transported from the transit point to Puntland,[1] Somalia.

4) The President of the self-proclaimed autonomous region of Puntland has recently approved Jama's repatriation in writing and has assured his acceptance upon arrival.

5) The plan to remove Jama will be executed on a date certain known only to those involved in the operational aspects of this removal. That date certain is within the next 35 days.

---

[1] As indicated in declarations submitted to the district court, Jama has requested removal to Puntland, and ICE has been, and continues toward, attempting to accommodate that request.

a) As noted below, this 35 day period may be affected by the district court's current injunction on Jama's removal to any location within Puntland or Somalia that was not previously submitted in a removal plan to the district court, and the need to vacate or otherwise modify that injunction.

6) Previously, ICE disclosed the actual date of Jama's April 2005 removal and details concerning the removal operation. This was a departure from ICE's general policy of nondisclosure of the date, location, and participants of ongoing law enforcement operations. This is a sensitive operation and disclosure of the actual time and date of departure and the participants in the operation may endanger the safety of ICE officers, the flight crew, and the detainee. For these reasons as well as those stated in the Kovensky declaration of May 6, 2005 (attached as Exhibit A), ICE believes it should not divulge additional information, particularly information concerning the actual date of Jama's removal. Furthermore, the precise contents of the President's letter cannot be disclosed without jeopardizing the integrity of the removal operation.

7) To the extent that the plan to remove Jama to a location within Puntland diverges from the prior removal effort, a district court injunction requires that it be presented to the court. Specifically, the district court issued an injunction barring removal to any place other than the location previously submitted by ICE in a removal plan. Assuming any such divergence, the execution of the plan may be influenced by the district court because it has asserted the authority to supervise ICE's removal operations in this case.

I declare under penalty of perjury that the foregoing is true and correct. Dated June 23, 2005.

John Clark
Deputy Assistant Secretary