## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| KEYSE G. JAMA,<br><br>Petitioner,<br><br>v.<br><br>IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>Respondent. | Civil No. 01-1172 (JRT/AJB)<br><br><br>**ORDER** |

Jeffrey J. Keyes and Kevin M. Magnuson, **BRIGGS AND MORGAN**, 2200 IDS Center, 80 South Eighth Street, Minneapolis, MN, 55402, for petitioner.

Greg D. Mack, Office of Immigration Litigation, **UNITED STATES DEPARTMENT OF JUSTICE**, Civil Division, 1331 Pennsylvania Avenue, NW, Room 700S, Washington, D.C., 20530; Lonnie F. Bryan, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for respondent.

On April 22, 2005, upon learning that the government's efforts to deport Jama to Bossasso, Puntland, Somalia had failed, the Court issued an injunction prohibiting "Immigration and Customs Enforcement, or any agent acting on its behalf, … from accomplishing any deportation procedure different from that previously presented to this Court without the prior review of the Court."  In recent representations to the Court, the government has stated that it intends to remove Jama to Bossasso according to a plan that appears to be very similar to that previously presented to this Court.  However, different

from the previously reviewed procedure, the government now intends to remove Jama to some other unspecified location within Puntland if, for any reason, it is unable to remove Jama to Bossasso.  On July 12, 2005 at 4:40 p.m., the government moved the Court for a stay of the Court's April 22, 2005 injunction and requested that the Court act on this motion by 12:00 p.m. July 13, 2005, stating that Jama's removal is "imminent."

A court may stay enforcement of an injunction after examining (1) the movant's likelihood of success on the merits; (2) the threat of irreparable injury to the movant; (3) that no substantial harm will come to other interested parties; and (4) the public interest. *See Arkansas Peace Ctr. v. Arkansas Dept. of Pollution Control*, 992 F.2d 145, 147 (8th Cir. 1993).  The burden is on the movant, in this case the government, to show that a stay should be granted.  *Id*.

The Court finds that the government has not at this time adequately demonstrated the necessity of staying the injunction.  Initially, the Court finds that the threat of irreparable harm to the government is minimal.  As the current plan to remove Jama to Bossasso, Puntland appears to be materially the same as the previous plan, the government is free to execute that portion of its plan.  The government has represented that it has firm assurances from the President of Puntland that Jama will be accepted in Bossasso, and it therefore should not be necessary for the government to take Jama from Bossasso to some other unidentified location in order to avoid some group of Puntland officials that might believe that Jama should not be accepted.  If the government is concerned that the President of Puntland does not, in fact, have the authority to ensure that Jama will be accepted in Bossasso, the government is free to postpone the attempt

until the situation in Somalia is settled enough for the government to clearly identify the appropriate authority. Such a delay does not constitute irreparable harm. Additionally, the temporary delay that the government might suffer if it chooses to postpone the removal attempt, and any monetary expenses the government may incur if it again chooses to execute an uncertain plan, do not outweigh the potential harm to Jama of removing him to an unidentified location where, absent contacts or relations, he runs a greater chance of coming to harm.

Furthermore, the Court finds that the likelihood that the government will succeed in its motion to dismiss the habeas petition pursuant to the Real ID Act is not clear. *See Sissoko v. Rocha*, 2005 WL 1384346, at *8 (9th Cir. June 13, 2005) (finding that a decision to detain an alien does not arise from a decision to commence removal proceedings); *Perez v. ICE*, 2005 WL 1420811, at *1 n.1 (W.D. N.Y. June 16, 2005) (noting that a petition seeking immediate execution of an order of removal does not challenge such an order and is not effected by the Real ID Act); *Morena v. Gonzales*, 2005 WL 1367414 (M.D. Pa. June 6, 2005) (finding that the Real ID Act does not impact the District Court's jurisdiction over petitions challenging continued detention).

For the foregoing reasons, the Court denies the government's motion for a stay of the April 22, 2005 injunction. The Court notes that Jama does not object to deportation to an alternate reasonable destination in Puntland should deportation to Bossasso fail. This Court, too, supports Jama's successful removal to a safe location in Puntland. However, the government has not identified any location in Puntland other than Bossasso. If the government believes that it may be necessary to execute some other type

of removal or to remove Jama to some additional *specified* points in Puntland, the government is free to seek this Court's approval of such a plan or modification of the injunction by providing the Court adequate information to assess the plan.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that respondent's Motion to Stay [Docket No. 170] is **DENIED** in accordance with the above opinion.  **IT IS FURTHER ORDERED** that, the Court having review the requested evidence, petitioner's Motion to Compel Production of Evidence [Docket No. 160] is **DENIED AS MOOT**.

DATED:   July 14, 2005  　　　　　　　　　　　　　　　s/John R. Tunheim
Minneapolis, Minnesota.  　　　　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge