**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

KEYSE G. JAMA,

Petitioner,

v.

IMMIGRATION AND CUSTOMS ENFORCEMENT,

Respondent.

Civil No. 01-1172 (JRT/AJB)

**ORDER**

Jeffrey J. Keyes and Kevin M. Magnuson, **BRIGGS AND MORGAN**, 2200 IDS Center, 80 South Eighth Street, Minneapolis, MN, 55402, for petitioner.

Greg D. Mack, Office of Immigration Litigation, **UNITED STATES DEPARTMENT OF JUSTICE**, Civil Division, 1331 Pennsylvania Avenue, NW, Room 700S, Washington, D.C., 20530; Lonnie F. Bryan, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for respondent.

On April 22, 2005, upon learning that the government's efforts to deport Jama to Bossasso, Puntland, Somalia had failed, the Court issued an injunction prohibiting "Immigration and Customs Enforcement, or any agent acting on its behalf, .. . from accomplishing any deportation procedure different from that previously presented to this Court without the prior review of the Court." On July 5, 2005, the government moved the Court to vacate this injunction and dismiss the petition based, in part, on the recently enacted REAL ID Act in order to permit the government to immediately attempt

petitioner's removal, unfettered by the terms of the injunction. One week later, the government moved the Court to stay the injunction on the same basis. The Court denied the motion to stay. The government immediately sought a Writ of Mandamus from the Eighth Circuit Court of Appeals, again raising the REAL ID Act. The court declined to address the issue substantively and denied the writ. In light of the Eighth Circuit's decision not to review this issue on the current record, and the current status of petitioner's deportation and incarceration, this Court will deny the motion to vacate as moot. The issue raised in the motion is a significant and important one which deserves briefing, argument and consideration by the Court apart from the exigencies of a pending removal. If the issue is raised and fully developed by the parties, the Court will carefully consider the effect of the REAL ID Act and at this time, expresses no opinion as to how the issue would be resolved.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that respondent's Motion to Vacate the Court's April 22, 2005 Injunction and Dismiss the Habeas Petition [Docket No. 163] is **DENIED AS MOOT**.

DATED: September 7, 2005
at Minneapolis, Minnesota.

s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge