**No. 01-1172**

---

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**KEYSE JAMA,**

**Petitioner,**

**v.**

**IMMIGRATION AND CUSTOMS ENFORCEMENT,**

**Respondent.**

---

# RESPONDENT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS WITH PREJUDICE THE PETITION FOR A WRIT OF HABEAS CORPUS

---

## INTRODUCTION

Petitioner Keyse Jama (Jama) initiated this action to prevent his removal. Pursuant to a court order, he was released on conditions that included a weekly reporting requirement. Jama has not reported since December 22, 2006 and the media reports he is in Canada. A petitioner who absconds from a court's jurisdiction while seeking that court's protection is no longer entitled to such protection. Because Jama is a fugitive who has absconded from the court's jurisdiction while the instant case remains pending, his petition should be dismissed with prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1999, Jama was convicted of felony assault. See Exhibit 2 to Respondent's Response To Petitioner's Emergency Motion To Compel Release Or Removal.[1] In 2001, Jama's order of removal became final when the Board of Immigration Appeals dismissed his appeal of the Immigration Judge's order of removal to Somalia. Jama filed a petition for a writ of habeas corpus to bar the execution of his order of removal to Somalia. This Court enjoined Jama's removal. In 2003, the Eighth Circuit reversed this Court's injunction on Jama's removal to Somalia. See Jama v. INS, 329 F.3d 630 (8th Cir. 2003) (Jama I). The Supreme Court affirmed Jama I in January 2005. See Jama v. ICE, 543 U.S. 335 (2005). On March 1, 2005, the Eighth Circuit issued its mandate.

On April 20, 2005, Respondent attempted to remove Jama to Somalia, without success. Jama was returned to the United States, and he was detained by ICE. At Jama's request, the Court issued an injunction on April 22, 2005, which bars Respondent or any agent acting on its behalf, from "accomplishing any deportation procedure different from that previously presented to this Court without the prior review of the Court."

[1] Respondent incorporates by reference its previous pleadings in this matter, which contain a fuller description of the factual and procedural background in this case.

Thereafter, on May 20, 2005, the Court directed ICE to release Jama from detention. The government appealed and the Eighth Circuit issued a stay of the Court's release order. On July 15, 2005, the Eighth Circuit vacated the stay, and the next day, this Court directed ICE to release Jama "subject to reasonable conditions of supervision no later than 2:00 pm CDT on Saturday, July 16, 2005." Exhibit A, attached hereto.

Pursuant to the Court's order, ICE released Jama under an order of supervision. Exhibit B, attached hereto. The order of supervision contained several conditions regarding Jama's release. One condition was that he "report in person the first working day of each week beginning on July 18, 2005" to ICE's office in Bloomington, Minnesota, "unless [he] [was] granted written permission to report on another date. Exhibit B and Exhibit C, attached hereto. Another condition was that Jama was not permitted to travel outside of Minnesota for more than 48 hours without first having notified ICE of the dates and places of such proposed travel. Exhibit B. Further, Jama was directed to report weekly via ICE's Telephone Reporting System every Friday. Id. Jama signed the order of supervision. Id.

Jama reported weekly to ICE until December 22, 2005. Exhibit C. Jama has not reported since that date, and ICE has received no communication from him. Id. Moreover, Minnesota Public Radio has reported that "[a]fter about six months of

checking in twice a week with ICE, one of Jama's former lawyers said Jama fled to Canada and has applied for asylum there." Exhibit D.

## ARGUMENT

Petitioner should be barred under the fugitive disentitlement doctrine from further calling upon the resources of this Court to enjoin or otherwise supervise his removal to Somalia. "The fugitive disentitlement doctrine provides a federal court with a basis for dismissal in select criminal and civil cases." See Barnett v. YMCA, 268 F.3d 614, 617 (8th Cir. 2001). "When an alien fails to report for custody, this sets up [a] situation . . . called 'heads I win, tails you'll never find me.'" Sapoundjiev v. Ashcroft, 376 F.3d 727, 729 (7th Cir. 2004) (citing Antonio-Martinez v. INS, 317 F.3d 1089, 1093 (9th Cir. 2003) ) ("Those who invoke our appellate jurisdiction must take the bitter with the sweet: they cannot ask us to overturn adverse judgments while insulating themselves from the consequences of an unfavorable result."). Moreover, "[s]omeone who cannot be bound by a loss has warped the outcome in a way prejudicial to the other side; the best solution is to dismiss the proceedings." Sapoundjiev, 376 F.3d at 729.

The Supreme Court has stated that the principles underlying the fugitive disentitlement doctrine include: (1) risk of delay or frustration in determining the merits; (2) danger that the judgment in the civil case will be unenforceable; and (3)

the need to redress the indignity visited upon the court by a fugitive's absence. See Degen v. United States, 517 U.S. 820, 825 (1996). The Eighth Circuit has held that the "same factors set forth in Degen apply to civil cases where the fugitive is a plaintiff." See Barnett, 268 F.3d at 618; see also id. ("The fugitive status must have a connection to the civil action, and the dismissal must animate the concerns underlying the fugitive disentitlement doctrine.").

At every turn, Jama has asked the Court to protect him from removal. Moreover, after removal was ordered, he sought a release from detention promising not to abscond from the court's jurisdiction. Having secured release from detention by an order of this Court and violating the conditions of his release, Jama has squandered the Court's protection and his promise to remain available for removal. Therefore, the Court should dismiss the habeas petition with prejudice for the reasons that animate the fugitive disentitlement doctrine, as illumined by Degen.

First, there is a danger that the judgment will be unenforceable against Jama. After an appeal to the Eighth Circuit and review by the Supreme Court, the Government secured confirmation that it had the statutory authority to remove Jama to Somalia. Jama's absence from the Court's jurisdiction through failure to abide by the conditions of his release thwarts the Government's ability to remove him. As an absconder, Jama renders unenforceable the judgments of the Eighth Circuit and the

Supreme Court that the Government may remove him to Somalia.

Second, when Jama had to abide or flout the authority of the Court, he chose to abscond. The Court should redress Jama's conduct by vacating the current injunction and dismissing the habeas petition with prejudice.

## CONCLUSION

Wherefore, Respondent respectfully requests that the Court vacate the current injunction and dismiss the habeas petition with prejudice.

Dated this __10___ day of July 2006.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID J. KLINE
Principal Deputy Director

s/Lonnie F. Bryan for
GREG D. MACK
Senior Litigation Counsel
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
(Tel.) (202) 616-4858
(Fax) (202) 616-9366
Greg.Mack@usdoj.gov