**No. 01-1172**

---

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**KEYSE JAMA,**

**Petitioner,**

**v.**

**IMMIGRATION AND CUSTOMS ENFORCEMENT,**

**Respondent.**

---

# RESPONDENT'S RESPONSE TO PETITIONER'S REPLY TO RESPONDENT'S MOTION TO DISMISS WITH PREJUDICE THE PETITION FOR A WRIT OF HABEAS CORPUS

Respondent, Alberto R. Gonzales, Attorney General, through undersigned counsel, respectfully replies to Petitioner Keyse Jama's claims that he is not a fugitive and that his petition for a writ of habeas corpus should not be dismissed with prejudice under the fugitive disentitlement doctrine. Pursuant to this Court's July 2005 order, the Government released Petitioner under reasonable release conditions. He has violated those conditions by fleeing to Canada, where he remains beyond the reach of this Court's jurisdiction. Any unfavorable judgment against cannot be enforced and his unauthorized flight should disentitle him from further calling upon the authority and resources of this Court for determination of his claims or continuing enforcement of orders against the Government.

The Supreme Court has offered two grounds for dismissal of a fugitive's claims:

enforceability of the court's orders and a disentitlement theory. See Ortega-Rodriguez v. United States, 507 U.S. 234, 240 (1993). The Supreme Court explained that the party pursuing relief in the courts should be "where he can be made to respond to any judgment we may render" and a party's unlawful flight from jurisdiction "disentitles [him] from call[ing] upon the resoruces of the Court for determination of his claims." Id. Petitioner's fugitive status is confirmed by his statement that an "appropriate remedy for a violation of the conditions of supervised, *if Jama were in the jurisdiction of the United States*, would be for the government to seek from this Court an order for detention or some form of administrative relief . . . ." See Petitioner's Reply at 3 (emphasis added). The foregoing statement from Petitioner also illustrates the paradox placed before the Court, in that Jama has violated the Government's conditions of release, absconded from the jurisdiction of the Court, fled to a foreign nation, yet he continues to reach back into the United States to use the Court to shield him from the adverse consequences of his flight. The Court should not countenance such conduct. Petitioner initiated this litigation to avoid removal to Somalia. While an affidavit was submitted by Petitioner's Canadian counsel, no affidavit was submitted by Petitioner. Further, Petitioner's pronounced faithful observation of Canadian laws and procedure speaks volumes in its absence about his fidelity to the Court's jurisdiction, particularly since he apparently did not believe it necessary to seek the Court's or Government's leave to depart the United States to apply for asylum in Canada. Thus, Petitioner's flight from the Court's jurisdiction and the inability to discern his whereabouts

preclude enforcement of the orders of Eighth Circuit and the Supreme Court that he may be removed to Somalia. In sum, he is beyond the reach of this Court's authority to enforce its judgments against him. See Empire Blue Cross & Blue Shield v. Finkelstein, 111 F.3d 278, 280 (2d Cir. 1997) ("We see no reason to 'entertain the cause of one who will respond to a judgment only if it is favorable.'"). Accordingly, dismissal of the petition with prejudice is warranted.

Dismissal with prejudice is the appropriate remedy in this case. Petitioner is no mere escapee from jail, nor is he a citizen of the United States who presumably desires to remain in the United States and who ultimately may be recaptured. Rather, Petitioner is an alien ordered removed from the United States who disputed the Government's authority to remove him to his native country. Petitioner invoked the authority of the judiciary to bar the Government from executing his removal order. The judiciary rejected Petitioner's claims and stated the Government may remove Petitioner to Somalia. Petitioner has now chosen to secrete himself in a foreign land to avoid the Government's execution of its authority to remove him to Somalia. This conduct should be sanctioned "immediately and permanently" by dismissing the instant petition with prejudice. See United States v. Awadalla, 357 F.3d 243, 249 (2d Cir. 2004) (noting Supreme Court's approach in Eisler v. United States, 338 U.S. 189 (1949) (involving appeal from a convict who escaped the country and resisted extradition), in which Justice Frankfurter contrasted local jailbreak, reflecting a temporary separation, with "the most formal kind of resistance to the jurisdiction of this Court.").

That the instant case arises in the civil immigration context is no reason to refrain from dismissing this case with prejudice. See Finkelstein, 111 F.3d at 282 (dismissing appeal where the appelle "has been prejudiced–perhaps irrevocably–by the defendants' absence"); Sarlund v. Anderson, 205 F.3d 973, 975 (7th Cir. 2000) (stating fugitive disentitlement doctrine should be invoked where plaintiff's fugitive status "creat[es] a situation severely prejudicial to his adversaries" and dismissal should occur "without further ado."). Indeed, it provides a stronger reason for invoking the fugitive dismissal rule with prejudice. Removal orders are self-executing. Aliens must invoke the judiciary's authority to bar removal. See 8 U.S.C. § 1252(f) (authorizing a stay of removal where alien shows by clear and convincing evidence that removal is prohibited as a matter of law). A swift and strong signal should be issued that an alien who invokes and then absconds from the jurisdiction of the courts faces an immediate and permanent penalty: the dismissal of his claims with prejudice. See Awadalla, 357 F.3d at 250 ("[T]he fugitive disentitlement doctrine also serves two additional purposes: 'imposing a penalty for flouting the judicial process' and 'discouraging flights from justice and promoting the efficient operation of the courts.'") (quoting Finkelstein, 111 F.3d at 280). Nothing less will deter Petitioner or other aliens from lightly considering their obligation to observe the laws of the United States, the authority of the Courts, and to respect the administration of justice.

## CONCLUSION

Wherefore, Respondent respectfully requests that the Court vacate the current injunction and dismiss the habeas petition with prejudice.

Respectfully submitted,
PETER D. KEISLER
Assistant Attorney General

DAVID J. KLINE
Principal Deputy Director

s/Lonnie F. Bryan for_______
GREG D. MACK
Senior Litigation Counsel
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
(Tel.) (202) 616-4858
(Fax) (202) 616-9366
Greg.Mack@usdoj.gov

August 1, 2006