**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

KEYSE G. JAMA,

Petitioner,

v.

IMMIGRATION AND CUSTOMS ENFORCEMENT,

Respondent.

Civil No. 01-1172 (JRT/AJB)

**ORDER DENYING MOTION TO DISMISS WITH PREJUDICE THE PETITION FOR A WRIT OF HABEAS CORPUS**

Jeffrey J. Keyes, **BRIGGS AND MORGAN**, 2200 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402; Kevin Magnuson, **ROBINS KAPLAN MILLER & CIRESI,** 800 LaSalle Avenue, Suite 2800, Minneapolis, MN 55402; and Michelle Garnett McKenzie, **MINNESOTA ADVOCATES FOR HUMAN RIGHTS**, 650 Third Avenue South #550, Minneapolis, MN 55402, for petitioner.

Greg D. Mack, Office of Immigration Litigation, **UNITED STATES DEPARTMENT OF JUSTICE**, Civil Division, 1331 Pennsylvania Avenue NW, Room 700S, Washington D.C., 20530; and Lonnie F. Bryan, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for respondent.

This matter is before the Court on the motion of respondent Immigration and Customs Enforcement ("ICE") to vacate the Court's April 22, 2005 injunction and dismiss with prejudice petitioner's petition for a writ of habeas corpus. For the reasons set forth below, the Court denies ICE's motion.

15

## BACKGROUND

Petitioner Keyse Jama ("Jama") filed this petition for a writ of habeas corpus in 2001, seeking an order enjoining the government from deporting him to Somalia because it lacked a functioning government.[1] This Court enjoined Jama's removal. *Jama v. INS*, 2002 WL 507046 (D. Minn. Mar. 31, 2002). The United States Supreme Court ultimately determined that Jama could be deported to Somalia, affirming the Eighth Circuit's reversal of this Court's injunction. *Jama v. Immigration and Customs Enforcement*, 543 U.S. 335 (2005), *aff'g Jama v. INS*, 329 F.3d 630 (8th Cir. 2003). On April 20, 2005, the government made an unsuccessful attempt to deport Jama to Somalia. Following the failed deportation attempt, Jama was returned to custody with the ICE.

On April 22, 2005, this Court issued an injunction barring the ICE from "accomplishing any deportation procedure different from that previously presented to this Court without the prior review of the Court." *Jama v. Immigration and Customs Enforcement*, Civil No. 01-1172 (D. Minn. Apr. 22, 2005). The Court subsequently directed ICE to release Jama from detention. In July 2005, ICE released Jama under an order of supervision containing various conditions of release, including the requirement that Jama report weekly to ICE's Bloomington, Minnesota office and that he not travel outside the state of Minnesota for more than 48 hours without first notifying ICE.

[1] The background of the case is set forth in greater detail in *Jama v. Immigration and Customs Enforcement*, 2005 WL 1205160, at ** 1-3 (D. Minn. May 20, 2005).

Jama reported weekly to ICE until December 22, 2005. Since that time, ICE alleges that it has had no contact with Jama. According to ICE, various media reports have indicated that Jama has absconded to Canada, where he is presently seeking asylum. Based on Jama's recent actions, ICE now moves the Court to vacate its April 22, 2005 injunction and dismiss with prejudice Jama's petition for a writ of habeas corpus.

## ANALYSIS

Respondent ICE argues that the fugitive disentitlement doctrine precludes Jama from calling upon the resources of this Court to enjoin or supervise his removal to Somalia. According to ICE, because Jama has absconded to Canada in violation of the conditions of his supervised release, he cannot now reach back into this jurisdiction and avail himself of the Court's judicial resources.

The fugitive disentitlement doctrine "provides a federal court with a basis for dismissal in select criminal and civil cases." *Barnett v. YMCA, Inc.*, 268 F.3d 614, 617 (8th Cir. 2001). The doctrine traditionally applies to a criminal defendant whose right to appeal is forfeited after escaping custody, although it has also been applied selectively in the civil context. *Perko v. Bowers*, 945 F.2d 1038, 1039-40 (8th Cir. 1991). In determining whether to dismiss under the fugitive disentitlement doctrine, courts consider several underlying justifications including the risk of delay or frustration and the danger that the judgment will be unenforceable. *Barnett*, 268 F.3d at 618 (citing *Degen v. United States*, 517 U.S. 820, 825, 828 (1996)). However, a court should exercise discretion in determining whether to dismiss a case based on the circumstances of each individual case. *Id.* Indeed, "[p]rinciples of deference counsel against using this inherent

authority and require its use only as a reasonable response to the problems and concerns that provoke it." *Id.*

The Court has found no instances in which the fugitive disentitlement doctrine has applied to dismiss the habeas petition of an alien who has absconded from the United States in violation of the conditions of his supervised release. Further, application of the doctrine to dismiss Jama's petition at this stage of the proceedings is premature. Because there is at least some possibility that Jama will be forced to return to the United States from Canada, the Court is not convinced that failure to dismiss at this point risks delaying proceedings or rendering prior judgments unenforceable. Moreover, the Court finds that Jama's flight to Canada does not eliminate the need for court-ordered limitations on the ICE's deportation procedures. As such, vacating the Court's injunction and dismissing the petition are not reasonable responses to ICE's concerns regarding Jama's violation of his supervised release. The Court concludes that ICE's motion to dismiss Jama's petition and vacate the Court's April 22, 2005 injunction must be denied.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that respondent ICE's motion to vacate the Court's April 22, 2005 injunction and dismiss with prejudice Jama's petition for a writ of habeas corpus [Docket No. 178] is **DENIED without prejudice**.

DATED: December 11, 2006
at Minneapolis, Minnesota.

s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge